IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GUY RICHMOND, #191-593, | : |
|     Plaintiff | : |
| | : |
| v. | : CIVIL ACTION NO. WMN-05-1144 |
| | : |
| STATE OF MARYLAND | : |
| MCTC CORRECTIONAL | : |
|   INSTITUTION, *et. al.*, | : |
|     Defendants | : |

**MEMORANDUM**

Plaintiff, a frequent prisoner litigator, has filed nearly sixty cases in this Court in the past fifteen years. Here, he seeks unspecified damages and alleges that he was wrongfully charged and convicted of an institutional infraction.[1] The complaint will be dismissed pursuant to this Court's authority under 28 U.S.C. § 1915(g).

The "Prison Litigation Reform Act" or "PLRA," signed into law on April 26, 1996, redesignated former 28 U.S.C. § 1915(d) as § 1915(e) and amended § 1915(e)(2) to state that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
>   (A)    the allegation of poverty is untrue; or
>   (B)    the action or appeal --
>         (I)    is frivolous or malicious;
>         (ii)   fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

In addition, the PLRA added a new subsection (g) to § 1915 which mandates that:

---

[1] Plaintiff alleges generally that being charged with assault on his cell mate put him in "imminent danger." He does not, however, indicate what danger resulted from the charge and conviction, and none is apparent from the pleadings.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, once three such dismissals under § 1915(e) or Fed. R. Civ. P. 12(b)(6) have been accumulated, a prisoner will be barred thereafter from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.[2]

On at least three occasions, Plaintiff has been granted *in forma pauperis* status in cases that were dismissed as frivolous.[3]  Given these "strikes" and the fact that Plaintiff's instant allegations do not show that he is in imminent danger of serious physical injury, this action shall be dismissed pursuant to § 1915(g).  Plaintiff shall be denied leave to proceed *in forma pauperis*.  He may, however, resume any claims dismissed under § 1915(g), if he chooses to pursue them, under the fee provisions of 28 U.S.C. § 1914 applicable to everyone else.  A separate Order shall be entered in accordance with the opinion set forth above.

/s/

April 28, 2005
    Date

William M. Nickerson
Senior United States District Court Judge

---

[2]  Of course, this provision does not preclude an inmate from prepaying the full $250.00 fee to refile claims previously rejected under § 1915(g) or to file future civil actions.

[3]  *See Richmond v. Waters,* Civil Action No. WMN-97-194 (D. Md. 1997); *Richmond v. Sacchet,* Civil Action No. WMN-98-3171 (D. Md. 1998); and *Richmond v. Sacchet*, Civil Action No. WMN-98-3275 (D. Md. 1998).